Filed 02/25/11   Case 11-01060   Doc 1

2011-01060
FILED
February 25, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003307339

19

Susan M. Brown (SBN 199119)
LAW OFFICE OF SUSAN M. BROWN
7284 N. De Wolf Avenue
Clovis, California 93619

Telephone:   (559) 476-9362
Email: susanbrown9362@gmail.com

Attorneys for PINNACLE ARMOR, INC.,
AND Debtor, MURRAY NEAL

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| In re | Case No.: 10-12372 |
| MURRAY L. NEAL, | Adv. Pro. No.: |
| Debtor, | |
| PINNACLE ARMOR, INC., a California Corporation, and MURRAY NEAL, an individual, | CHAPTER 7 |
| Plaintiffs, | |
| v. | |
| ROBERT H. FREIHEIT AND DENISE ANN FREIHEIT AS TRUSTEES AND ROBERT K. HENRICKSEN AS TRUSTEE OF BIG SKY TRUST DTD 10-7-04 DBA LIBERTY ASSOCIATES, | Honorable Whitney Rimel |
| Defendants. | |

# ADVERSARY COMPLAINT

Plaintiffs, PINNACLE ARMOR, INC., and MURRAY L. NEAL, (hereinafter, "PLAINTIFFS" ), by their undersigned attorney, for their complaint in this action, state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this adversary proceeding by reference from the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 157(a). The District Court has jurisdiction pursuant to 28 U.S.C. § 1334(b) in that this is a civil proceeding arising under Title 11 of the United States Code.

2. This is a non-core "related to" proceeding. The bankruptcy court has jurisdiction over it by virtue of 28 U.S.C. 1334(b), but final orders and judgments must be entered by the United States District Court.

3. Venue is appropriate in this District pursuant to 28 U.S.C. § 1409(a) because this bankruptcy case is pending in this District.

## PARTIES

4. Plaintiff, MURRAY NEAL(hereinafter "NEAL") is an individual and at all times herein mentioned was a resident of Fresno County, California, and a shareholder in Pinnacle Armor, Inc. (hereinafter "Pinnacle"), holding in excess of 95 % of the shares in Pinnacle.

5. Plaintiff, PINNACLE ARMOR, INC., (hereinafter "PINNACLE") is now, and at all times herein mentioned was, a California corporation in good standing with its principal place of business in Fresno County, California.

6. Defendant ROBERT H. FREIHEIT is now, and at all times mentioned in this complaint was, a trustee of the Big Sky Trust DTD 10-7-04 DBA Liberty Associates.

7. Defendant DENISE ANN FREIHEIT is now, and at all times mentioned in this complaint was, a trustee of the Big Sky Trust DTD 10-7-04 DBA Liberty Associates.

---

ADVERSARY COMPLAINT OF
PLAINTIFF MURRAY L. NEAL
AND PINNACLE ARMOR, INC.

8.   Defendant ROBERT K. HENRICKSEN is now, and at all times mentioned in this complaint was a trustee of the Big Sky Trust DTD 10-7-04 DBA Liberty Associates.

9.   PLAINTIFFS are informed and believe, and on the basis of that information and belief allege, that at all times mentioned in this complaint, defendants were the agents and employees of their co-defendants, and in doing the things alleged in this complaint were acting within the scope of that agency and employment.

## FACTUAL ALLEGATIONS

10.   On or about January 29, 2004, NEAL, acting on behalf of PINNACLE as the lessee, and Defendant ROBERT FREIHEIT, acting on behalf of Liberty Associates, the lessor, entered into a Commercial Lease (hereinafter "Lease") on the real property located at 5425 Home Avenue, Suite 101, Fresno, California 93727 (hereinafter referred to as the "Premises"). A true and correct copy of the Commercial Lease is attached as Exhibit "A" to Exhibits to Adversary Complaint.

11.   Pursuant to Paragraph 31 of the Commercial Lease if any party brings an action or proceeding to enforce the terms or declare rights hereunder, the Prevailing Party shall be entitled to reasonable attorneys' fees.

12.   On or about March 8, 2004, Defendant ROBERT FREIHEIT, as the agent of Liberty Associates, and Jonathan Chessum, and NEAL, on be half of PINNACLE executed an Addendum to Lease Dated January 29, 2004, the Addendum provided that "[N]ot withstanding any reference to Lessees fixtures that are personal property, those itms that belong to the Lessees(s) if not timely removed at the end of the tenancy or upon removal of the Lessee, shall be immediately removed from the premises by the Lessee. Those items remaining for more than ten days after the end of the tenancy become the property of the Lessor to do with as he deems necessary."

13.   On or about December 28, 2005, NEAL executed a Guarantee of Lease in favor of Liberty Associates.

ADVERSARY COMPLAINT OF
PLAINTIFF MURRAY L. NEAL
AND PINNACLE ARMOR, INC.

14. On or about September 26, 2008, Defendants, ROBERT H. FREIHEIT, ROBERT FREIHEIT, DENISE ANN FREIHEIT and ROBERT K. HENRICKSEN (hereinafter collectively referred to as "Defendants"), on behalf of the Big Sky Trust DTD 10-7-04 DBA Liberty Associates, filed a complaint for Unlawful Detainer (hereinafter "Complaint") against NEAL and PINNACLE, Fresno County Superior Court Case No. 08CECG03362.

15. On or about January 8, 2009, Defendants caused to be issued a Writ of Possession of Real Property, Judicial Council Form EJ-130, (herein "Writ of Possession") in Case No. 08CECG03362 which provided that on January 20, 2009, PINNACLE was to be evicted from the Premises and on or about January 20, 2009, Defendant, ROBERT FREIHEIT, took possession of the Premises.

16. Code of Civil Procedure Section 715.010(b)(3) and 1174(f) provide that a tenant who is evicted under a writ of possession has 15 days after the landlord tales possession of the rental unit to pay reasonable costs of storage and to take possession of items left in the rental unit.

17. On or about January 20, 2009, the Premises contained the personal property of PINNACLE, NEAL and Targeted Security Consultants, a sole proprietorship owned by NEAL (hereinafter the "Property").

18. Additionally, the terms set forth in the Addendum, the tenant was entitled to access to the Premises for 10 days after the removal of the tenant, for the purpose of removing the Property.

19. On or about January 22, Defendant ROBERT FREIHEIT orally informed NEAL that he would allow NEAL access to the Premises to remove to remove the remaining Property, however, when NEAL attempted to remove the Property, Defendant ROBERT FREIHEIT refused to cooperate with NEAL and prevented NEAL from removing the Property.

20. At no time herein mentioned did NEAL or PINNACLE voluntarily abandon the Property, rather they were was prevented from exercising their legal right to remove the Property by Defendant ROBERT FREIHEIT.

---

ADVERSARY COMPLAINT OF
PLAINTIFF MURRAY L. NEAL
AND PINNACLE ARMOR, INC.

**Page 4 of 19**

21. The refusal of Defendant ROBERT FREIHEIT to allow PINNACLE access to the Premises for ten (10) days after the tenants removal from the Property for the purpose of removing the Property was a violation of the express terms of the Addendum and a violation of California Code of Civil Procedure § 715.010(b)(3).

22. Plaintiffs are informed and believe and based on that information and belief allege that after the Defendants removed NEAL and PINNACLE from the Premises in January, the Defendants waited more than five months to serve Plaintiffs with a Notice of Right to Reclaim Abandoned Property, in order to increase the amount of storage fees due on the Property owed by the Plaintiffs and prevent Plaintiffs from recovering the Property.

23. Or about August 25, 2009, NEAL was contacted by a locksmith hired by Defendant ROBERT FREIHEIT and informed that the landlord was going to drill open the three safes belonging to Targeted Security Consultants. NEAL went to the Premises for the purpose of providing the combination to the safes so that they would not be damaged. At that time NEAL again informed Defendant ROBERT FREIHEIT that the three safes and their contents were the property of Targeted Securities Consultants. The Defendant ROBERT FREIHEIT again refused to allow NEAL to take possession of the three safes and their contents and, as a result, the Fresno Police Department inventoried the contents of both safes and then booked some of the contents into the custody of the Fresno Police Department, Case 09-068881, leaving the remaining items with the Defendant.

24. After reviewing the inventory done by the Fresno Police Department, NEAL prepared a list of additions and corrections to the inventory done by the Fresno Police Department and submitted it to the Fresno Police Department which documented that not all of the Property seized by the Fresno Police Department had been listed in the inventory done by the Fresno Police Department.

25. On September 26, 2009, pursuant to the Amended Right to Reclaim Abandoned Property some, but not all, of the Property was auctioned off at a public sale.

ADVERSARY COMPLAINT OF
PLAINTIFF MURRAY L. NEAL
AND PINNACLE ARMOR, INC.

Page 5 of 19

26. On September 26, 2009, NEAL attempted to access the Premises, which is located within the City of Fresno, for the purpose of observing and participating in the auction. However, NEAL was wrongfully prevented from entering the Premises by Defendant ROBERT FREIHEIT who had a Fresno County Deputy Sheriff present who threatened to arrest NEAL if he attempted to enter the Premises.

27. On August 31, 2010, PLAINTIFFS obtained a copy of the Consignor's Total Report dated September 26, 2009, from Defendants' attorney, William H. Leifer, Esq. The Consignor's Total Report was generated by the auction company and listed the Property sold at the public auction on September 26, 2009 by lot by number, by quantity, by description of the item to be sold, and the individual price and the lot price.

28. Prior to the public sale on September 26, 2009, Defendants and/or their agents, removed many of the items of Property from the Premises, or otherwise allowed the Property to be removed by third parties, including, but not limited to the following Property:

1. Miller Arch Welder
2. Plasma Cutter
3. Oxy-Acetylene complete torch kits with tanks and stands (2)
4. Miller Tig Welder
5. Rigid compound miter chop saw
6. Dyna-Glo kerosene space heaters (5)
7. Milwaukee heavy duty sawzall
8. Milwaukee 7-1/4" worm drive saw,
9. Milwaukee 9" angle grinder (2)
10. Milwaukee 4-1/2" mini-grinders (3)
11. Milwaukee electromagnetic adjustable drill stand (2)
12. Skill Jig saw, Mikita 4" circular glass saw
13. Makita 7-1/4" enclosed circular saw w/vacuum
14. Porter Cable router kit

ADVERSARY COMPLAINT OF PLAINTIFF MURRAY L. NEAL AND PINNACLE ARMOR, INC.

Page 6 of 19

15. Milwaukee 1" band file

16. Milwaukee variable speed portable band saw

17. Skill 7-1/4" circular saw (2)

18. Rigid 7-1/4" circular saw

19. Delta 5 speed bench top drill press

20. Dewalt 14" heavy duty multi-cutter chop saw

21. Wilton 4" disc cutoff saw

22. Porter Cable double insulated hand laminate trimmer

23. Milwaukee heavy-duty screw shooter

24. Porter cable Pneumatic 2"medium crown staple gun

25. Campbell Hausfield 30 gallon electric air compressor

26. Makita MAC500 1 HP job site small portable air compressor

27. 10 ton hydraulic ram system kit

28. 2"x27' 10K ratchet tie-down (12)

29. Ball mount with 2-5/16" ball (2)

30. Weight distribution hitch kit

31. 30" industrial pedestal fan (4)

32. Woods power grip hand suction cups 6" (4), 8" (2), 10" (2)

33. 10 gallon stainless steel wet/dry shop vacuum

34. 1-1/2" cardboard box stapler

35. 8' Louisville "A" frame ladder

36. 12' Louisville "A" frame ladder

37. 20' Louisville extension ladder (2)

38. 4' Louisville double side "A" frame ladder

39. 16' aluminum extension ladder

40. JET 20"-12 speed drill press

41. Sentry halon 1211- 9 lb extinguishers (4)

---
ADVERSARY COMPLAINT OF
PLAINTIFF MURRAY L. NEAL
AND PINNACLE ARMOR, INC.

42. Sentry halon 1211- 14 lb extinguishers (6)

43. Grinding/sanding fabrication table with (2) 8" industrial exhaust guard bench grinder and Burr King 12" disc/belt finishing machine

44. Pneumatic 3"sleeve grainer/grinder

45. Porter cable 3" belt sander

46. Jet 2-1/4 ton service jack

47. Ratcheting 6 ton jack stands (4), pallet puller

48. Liftalloy chain slings 20k pound (2)

49. Twisted eye nylon web slings 9K pound 6' (4)

50. Twisted eye nylon web slings 9K pound 10' (5)

51. Mini ratchet lever hoist 1,00 pound (4)

52. Cyclone portable sand blaster 200 lb capacity

53. Kennedy 17 drawer roller tool cabinet and chest with craftsman tools

54. Bessey heavy duty heat treated welding clamps 18" (14)

55. Bessey heavy duty heat treated welding clamps 36" (6)

56. Palmgren angle milling vice

57. Palmgren quick release vise

58. Palmgren 12" cross slide milling table, aluminum cargo locking bar (4)

59. "A" frame 51"panel truck 2K pound

60. Binks 2 gallon paint tank & gun

61. Devilbiss siphon paint gun/cup

62. Assorted dies, bits, reamers, burrs, drills, taps from .117" to 5".

63. Extension cords (8) 12 gauge three conductor, 50' with OSHA twist lock connectors.

64. Extension cords (8) 10 gauge three conductor, 100' with OSHA twist lock connectors.

65. Air compressor hoses (10) with brass connectors male/female 50' 1.2 ID.

66. Air compressor heavy duty 1-1/2" hose 250'.

67. Two part adhesive pneumatic dispensing machine

68. Glass setting/wrapping rack mobile 360 degree rolling mobile

Steel inventory – ¼" AR 500 ballistic grade steel plate 48"x96" – 4 sheets

    ½" AR 500 ballistic grade steel plate 48"x96" – 7 sheets

    ½" MIL-46100 ballistic grade steel plate 48"x96" – 12 sheets

Ballistic fiberglass inventory – 5/16"  48"x96" – 3 sheets

  7/16"  48"x96" – 11 sheets

  9/16"  48"x96" – 9 sheets

  1-3/8"  48"x96" – 6 sheets

Coreguard inventory – Coreguard CBR 48"x96" sheets 160 – 4 pallets

  Coreguard FRP 48"x96" sheets 80 – 2 pallets

  Coreguard  48"x96" sheets 20

  Coreguard CB 48"x96" sheets 41 – 1 pallet

  5/8" drywall 48"x120" sheets 725

Ceramic IR heaters – 20' lengths quantity of 14 units

Heavy duty solid steel fabrication jig – 25'x20' solid 4" square rod construction weighs approximately 25K pounds.

Heavy duty solid steel adjustable reach forklift hoisting jig – extended reach from 8' to 12' 4000 pound capacity.

Profilon security laminate rolls (4) and dispensing jig

3" ceramic discs AZA152 – (55)

2" ceramic discs AZA 160A – (9 boxes of 180 each)

Aluminum extrusion inventory – All aluminum extrusions are in 20'-2" lengths unless otherwise noted.

OS-1000 – 87 lengths – clear anodize finish. Die # 15508. 6063 T5 aluminum

OS-1100 – 287 lengths – clear anodize finish. Die # 15578. 6063 T5 aluminum

OS-1100 – 310 lengths – clear anodize finish. Die # 15507. 6063 T5 aluminum

OS-1100 – 294 lengths – clear anodize finish. Die # 15557. 6063 T1 aluminum

---

ADVERSARY COMPLAINT OF
PLAINTIFF MURRAY L. NEAL
AND PINNACLE ARMOR, INC.

1. OS-1100 – 267 lengths – clear anodize finish. Die # 15556. 6063 T1 aluminum
2. OS-1200 – 20 lengths – clear anodize finish. Die # 15505. 6063 T5 aluminum
3. OS-1600 – 146 lengths – White Kynar paint. Die # 7468. 6063 T6 aluminum
4. OS-1600 – 210 lengths – White Kynar paint. Die # 7469. 6063 T6 aluminum
5. OS-1600 – 133 lengths – White Kynar paint. Die # 7470. 6063 T6 aluminum
6. OS-1600 – 297 lengths – White Kynar paint. Die # 7471. 6063 T6 aluminum
7. OS-1700 – 322 lengths – White Kynar paint. Die # 7516. 6063 T6 aluminum
8. OS-1800 – 7 lengths - alodine coating. Die #35837. 6063 T6 aluminum
9. OS-1800 – 11 lengths - alodine coating. Die #43154. 6063 T6 aluminum
10. OS-1800 – 23 lengths - alodine coating. Die #43276. 6063 T6 aluminum
11. OS-1800 – 9 lengths - alodine coating. Die #43152. 6063 T6 aluminum
12. OS-1800 – 9 lengths - alodine coating. Die #43161. 6063 T6 aluminum
13. OS-1800 – 17 lengths - alodine coating. Die #43162. 6063 T6 aluminum
14. OS-2000 – 89 lengths – alodine coating. Die #2305. 6063 T6 aluminum
15. OS-2000 – 101 lengths – alodine coating. Die #2307. 6063 T6 aluminum
16. OS-2000 – 22 lengths – alodine coating. Die #47327. 6063 T6 aluminum
17. OS-2000 – 125 lengths – alodine coating. Die #47325. 6063 T6 aluminum
18. OS-2000 – 110 lengths – alodine coating. Die #47331. 6063 T6 aluminum
19. OS-2000 – 1 length – alodine coating. Die #47328. 6063 T6 aluminum
20. OS-2000 – 1 length – alodine coating. Die #47329. 6063 T6 aluminum
21. OS-2000 – 1 length – alodine coating. Die #48472. 6063 T6 aluminum
22. OS-2000 – 1 length – alodine coating. Die #48475. 6063 T6 aluminum
23. OS-2000 – 1 length – alodine coating. Die #48476. 6063 T6 aluminum
24. OS-2000 – 1 length – alodine coating. Die #48477. 6063 T6 aluminum
25. OS-2000 – 1 length – alodine coating. Die #48556. 6063 T6 aluminum
26. OS-2000 – 72 lengths – alodine coating. Die #E4386. 6061 T6 aluminum
27. OS-2000 – 22 lengths – alodine coating. Die #E4387. 6061 T6 aluminum

ADVERSARY COMPLAINT OF
PLAINTIFF MURRAY L. NEAL
AND PINNACLE ARMOR, INC.

1. OS-2000 – 44 lengths – alodine coating. Die #E4395. 6061 T6 aluminum
2. OS-2000 – 1 length – alodine coating. Die #15956. 6063 T6 aluminum
3. OS-2000 – 1 length – alodine coating. Die #47688. 6063 T6 aluminum
4. OS-2000 – 1 length – alodine coating. Die #47685. 6063 T6 aluminum
5. OS-2000 – 1 length – alodine coating. Die #47755. 6063 T6 aluminum
6. OS-2000 – 1 length – alodine coating. Die #47683. 6063 T6 aluminum
7. OS-2000 – 1 length – alodine coating. Die #48188. 6063 T6 aluminum
8. OS-2000 – 1 length – alodine coating. Die #47330. 6063 T6 aluminum
9. OS-2000 – 1 length – alodine coating. Die #48241. 6063 T6 aluminum
10. OS-2000 – 1 length – alodine coating. Die #48189. 6063 T6 aluminum
11. OS-2000 – 14 lengths – alodine coating. Die #48517. 6063 T5 aluminum
12. OS-2000 – 10 lengths – alodine coating. Die #48519. 6063 T5 aluminum
13. OS-2000 – 11 lengths – alodine coating. Die #48559. 6063 T5 aluminum
14. OS-2000 – 2 lengths – alodine coating. Die #48518. 6063 T6 aluminum
15. OS-2000 – 12 lengths – alodine coating. Die #48678. 6063 T5 aluminum
16. OS-2000 – 1 length – alodine coating. Die #47688. 6063 T5 aluminum
17. OS-2000 – 1 length – alodine coating. Die #47332. 6063 T6 aluminum
18. OS-2000 – 1 length – alodine coating. Die #47333. 6063 T6 aluminum
19. OS-2000 – 1 length – alodine coating. Die #47336. 6063 T6 aluminum
20. OS-2000 – 1 length – alodine coating. Die #47334. 6063 T6 aluminum
21. OS-2000 – 1 length – alodine coating. Die #47686. 6063 T5 aluminum
22. OS-2000 – 1 length – alodine coating. Die #47689. 6063 T5 aluminum
23. OS-2000 – 1 length – alodine coating. Die #47684. 6063 T5 aluminum
24. OS-2000 – 1 length – alodine coating. Die #47557. 6063 T6 aluminum
25. OS-2000 – 1 length – alodine coating. Die #47854. 6063 T6 aluminum
26. OS-2000 – 1 length – alodine coating. Die #47853. 6063 T6 aluminum
27. OS-2000 – 1 length – alodine coating. Die #48450. 6063 T6 aluminum

ADVERSARY COMPLAINT OF PLAINTIFF MURRAY L. NEAL AND PINNACLE ARMOR, INC.

1. OS-2000 – 14 lengths – alodine coating. Die #48577. 6061 T5 aluminum
2. OS-2000 – 81 lengths – alodine coating. Die #47335. 6063 T6 aluminum – 18-2"' lengths
3. OS-2000 – 1 length – alodine coating. Die #49263. 6063 T6 aluminum
4. OS-2000 – 1 length – alodine coating. Die #49264. 6063 T6 aluminum
5. OS-2000 – 1 length – alodine coating. Die #7126. 6063 T5 aluminum
6. OS-2000 – 1 length – alodine coating. Die #7087. 6063 T5 aluminum
7. IS-2100 – 13 lengths – alodine coating. Die #48580. 6063 T5 aluminum
8. IS-2100 – 9 lengths – alodine coating. Die #48579. 6063 T5 aluminum
9. IS-2100 – 9 lengths – alodine coating. Die #48578. 6063 T5 aluminum
10. OS-2200 – 21 lengths – alodine coating. Die #47326. 6063 T6 aluminum
11. IS-6200 – 211 lengths – clear anodize finish. Die #7423. 6063 T5 aluminum
12. IS-6200 – 189 lengths – dark bronze anodize finish. Die #7423. 6063 T5 aluminum
13. IS-6200 – 192 lengths – clear anodize finish. Die #7424. 6063 T5 aluminum
14. IS-6200 – 192 lengths – dark bronze anodize finish. Die #7424. 6063 T5 aluminum
15. IS-6200 – 211 lengths –clear anodize finish. Die #7425. 6063 T5 aluminum
16. IS-6200 – 189 lengths – dark bronze anodize finish. Die #7425. 6063 T5 aluminum
17. IS-6300 – 181 lengths – clear anodize finish. Die #41048. 6063 T6 aluminum
18. IS-8400 – 81 lengths – clear anodize finish. Die #8401. 6063 T6 aluminum
19. IS-8400 – 81 lengths – clear anodize finish. Die #8402. 6063 T6 aluminum
20. IS-8400 – 79 lengths – clear anodize finish. Die #8403. 6063 T6 aluminum
21. IS-8400 – 163 lengths – clear anodize finish. Die #8404. 6063 T6 aluminum
22. IS-8400 – 155 lengths – clear anodize finish. Die #8405. 6063 T6 aluminum
23. IS-8400 – 121 lengths – clear anodize finish. Die #8406. 6063 T6 aluminum
24. IS-9000 – 21 lengths – clear anodize finish. Die #61234. 6063 T5 aluminum
25. IS-9000 – 37 lengths – dark bronze finish. Die #61234. 6063 T5 aluminum
26. IS-9000 – 40 lengths – clear anodize finish. Die #6124. 6063 T5 aluminum
27. IS-9000 – 40 lengths – dark bronze finish. Die #6124. 6063 T5 aluminum

IS-9000 – 21 lengths – clear anodize finish. Die #3095. 6063 T5 aluminum – 18' lengths

IS-9000 – 21 lengths – dark bronze finish. Die #3095. 6063 T5 aluminum – 18' lengths

29. On or about September 26, 2009, Defendants and/or their agents, removed some items of Property, including items of Property owned by NEAL and/or Targeted Security Consultants, from the public sale and either kept those items of Property for themselves or sold the items of Property to a third party. Defendant ROBERT FREIHEIT also prevented NEAL from entering the Premises to participate in the auction on behalf of himself and PINNACLE in violation of Civil Code § 1993.04(b)(a)(1) which states that the owner of the Property has the right to bid on the property at the time of the sale.

30. In addition to preventing NEAL from entering the Premises to bid on the Property, the Defendants had persons acting as their agents bidding on behalf of the Defendants and when ever one of the Defendants agents bid on an item, the auctioneer would drop the gavel immediately ending the sale despite the fact that other bidders were still attempting to bid on the item. As a result, the items of Property were not sold to the highest bidder but rather were sold to the Defendants agents for far less then they would have sold for at an open auction.

31. On or about February of 2010, Defendants' through their agent, Ron Sawl, without giving notice to NEAL or PINNACLE, and without a court order, obtained the release of the Property held by the Fresno Police Department pursuant to Case: 09-068881 as set forth above. NEAL has demanded that Defendants return the Property or account for the disposition of the Property released to the Defendants by the Fresno Police Department but Defendants have refused and continue to refuse to account for said Property.

32. PINNACLE filed a petition for relief under Chapter 11 of the Bankruptcy Code on January 3, 2010, however the petition has been dismissed.

33. NEAL filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on March 9, 2010, in the United States Bankruptcy Court for the Eastern District of California, Fresno Division, case number 10-12372 (hereinafter "Bankruptcy Case"). The case has been converted to a Chapter 7.

---

ADVERSARY COMPLAINT OF
PLAINTIFF MURRAY L. NEAL
AND PINNACLE ARMOR, INC.

**Page 13 of 19**

33. On or about June of 2010, Defendants ROBERT H. FREIHEIT and DENISE ANN FREIHEIT and ROBERT K. HENRICKSEN, filed a claim in the amount of $498,410.82 against NEAL in his personal Bankruptcy Case No. 10-12372. The Defendants' claim is based on the unpaid rent owed by PINNACLE pursuant to the Lease.

### FIRST CLAIM FOR RELIEF
### Breach of Contract
### (Against All Defendants)

34. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 33 above as if fully set forth herein.

35. PINNACLE and Defendants entered into a written Addendum which provided that "[N]ot withstanding any reference to Lessees fixtures that are personal property, those items that belong to the Lessees(s) if not timely removed at the end of the tenancy or upon removal of the Lessee, shall be immediately removed from the premises by the Lessee. Those items remaining for more than ten days after The Addendum plainly anticipates allowing the Lessee an additional 10 days after the end of the tenancy or removal of the Lessee. the end of the tenancy become the property of the Lessor do with as he deems necessary."

36. Additionally, Code of Civil Procedure Section 715.010(b)(3) and 1174(f) allows the a tenant evicted under a writ of possession 15 days after the landlord tales possession of the rental unit to pay reasonable costs of storage and to take possession of items left on the Premises.

37. PINNACLE performed all of the obligations required of PINNACLE under the Addendum and attempted to remove the Property from the Premises within 10 days of January 20, 2009, the date that Defendants took possession of the Premises.

38. In violation of the Addendum and Code of Civil Procedure Section 715.010(b)(3) and 1174(f) ,Defendants refused to allow Plaintiffs access to the Premises after January 22, 2009.

39. At all times herein mentioned, NEAL and PINNACLE were ready, willing and able to perform their obligations as set forth in the Addendum and would have removed the Property from the Premises within 10 days of January 20, 2009 but for the interference of

ADVERSARY COMPLAINT OF
PLAINTIFF MURRAY L. NEAL
AND PINNACLE ARMOR, INC.

**Page 14 of 19**

Defendants, and each of them.

40. Plaintiffs were damaged by Defendants' refusal to allow Plaintiffs to remove the Property in that Plaintiffs were deprived of their Property which had an approximately aggregate value of $2,700,000.

41. PINNACLE was further damaged by the Defendants' conduct in that the loss of the Property deprived Pinnacle of the ability to manufacture and sell the body armor and other armor products manufactured by PINNACLE, and caused PINNACLE to lose contracts to manufacture its body armor products.

42. Defendants knew, or should have known, that depriving Plaintiffs of the Property would cause the PINNACLE to lose existing contracts and that the loss of the profits to be derived from those contracts would cause the financial collapse of both Plaintiffs, and it did cause the financial collapse of both Plaintiffs.

43. As a direct and proximate result of Defendants' actions, Plaintiffs lost a substantial amount of the Property and lost profits from the sale of Plaintiffs' body armor products. Additionally, NEAL has lost valuable fire arms and ammunition. Both Plaintiffs have been damaged in an amount to be determined at trial. Defendants' wrongful conduct was a substantial factor in causing this harm to both Plaintiffs.

### SECOND CLAIM FOR RELIEF

**Fraud and Misrepresentation**

**(Against All Defendants)**

44. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 33 above as if fully set forth herein.

45. On or about March 8, 2004, and again on or about January 20, 2009, Defendant ROBERT FREIHIET, on behalf of Liberty Associates, falsely represented to NEAL that NEAL would have 10 days from the date of termination of the Lessee's tenancy to remove the Property.

46. The representations made by Defendant ROBERT FREIHEIT were in fact false. The true facts were: that Defendants did not intend to allow the Plaintiffs 10 days to remove the

---

Property.

47. When Defendant ROBERT FREIHEIT made these representations he knew them to be false, and these representations were made by Defendant ROBERT FREIHEIT with the intent to defraud and deceive Plaintiffs and with the intent to induce Plaintiffs to act in the manner herein alleged.

48. At the time Defendant ROBERT FREIHIET made the promises to the Plaintiffs, the Defendants had no intention of performing them.

49. Plaintiffs, at the time these representations were made by Defendants and at the time Plaintiffs took the actions herein alleged, were ignorant of the falsity of the Defendant's representations and believed them to be true.

50. In reliance on these representations, Plaintiffs were induced to and did execute the Addendum, and the Guarantee of Lease, and further induced not to remove all of the Property from the Premises within the two days the Defendants allowed Plaintiffs access to the Premises. Had Plaintiffs known the actual facts, that Defendants would allow Plaintiffs only two partial days to remove the Property, Plaintiffs would not have taken such action and would have removed the Property prior to January 20, 2009.

51. Plaintiffs' reliance on Defendant ROBERT FREIHEIT'S representations was justified because the Addendum contained a provision allowing the Lessee 10 days after termination of tenancy to remove the Lessee's personal property.

52. As a proximate result of Defendant ROBERT FREIHEIT'S fraud and deceit and the facts herein alleged, Plaintiffs were induced to leave the Property on the Premises after the termination of the Lessee's tenancy by reason of which Plaintiffs have been damaged in the approximate sum of $2,700,000.

53. Because of the deliberate, malicious, and oppressive nature of Defendant ROBERT FREIHEIT'S conduct, Plaintiffs seek an award of punitive damages against Defendants, and each of them, in an amount sufficient to punish Defendants and deter them and others from similar acts.

---

ADVERSARY COMPLAINT OF
PLAINTIFF MURRAY L. NEAL
AND PINNACLE ARMOR, INC.

**Page 16 of 19**

### THIRD CLAIM FOR RELIEF
### Trespass to Chattel
### (Against All Defendants)

54. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 33 above as if fully set forth herein.

55. At all times herein mentioned, Plaintiffs owned, possessed, or had a right to possess the Property, including he Property held by the Fresno County Sheriff's Department, and had the right to demand that Defendants deliver possession of the Property to Plaintiffs.

57. Defendants intentionally interfered with the Plaintiffs' use and/or possession of the Property as set forth above.

58. The Plaintiffs did not consent to the Defendants interference with their right to own or possess the Property.

59. Defendants interference with their right to own and/or possess the Property was a substantial factor in causing the Plaintiffs' harm.

60. Defendants, in refusing to return the Property to the Plaintiffs, exercised dominion and control over the Property, and this exercise of dominion and control are both the primary and substantial factors causing Plaintiffs damage. But for Defendants' intentional and substantial misconduct, Plaintiffs would have retained the Property and would not have been damaged.

61. As a result of Defendants' interference, Plaintiffs have been damaged in the approximate amount of $2,700,000.

62. Because of the deliberate, malicious, and oppressive nature of Defendants' conduct, Plaintiff seeks an award of punitive damages against Defendants in an amount sufficient to punish Defendants and deter them and others from similar acts.

### FOURTH CLAIM FOR RELIEF
### Unjust Enrichment
### (Against All Defendants)

63. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 9, 14, 15, 17,

ADVERSARY COMPLAINT OF PLAINTIFF MURRAY L. NEAL AND PINNACLE ARMOR, INC.

Page 17 of 19

20, 23, 24, 25, 26, above as if fully set forth herein.

64. As a result of the conduct described above, Defendants have been and will be unjustly enriched at the expense of Plaintiffs. Specifically, Defendants' unfair and illegal actions as described above have enabled Defendants to sell or otherwise dispose of the Property in violation of the law and the Addendum, thereby unjustly enriching Defendants at the expense of the Plaintiffs in an amount to be proven at trial.

65. Defendants should be required to disgorge this unjust enrichment.

On the First and Third Causes of Action For:

    (a) Actual damages of approximately $2,700,000 plus pre- and post-judgment interest against all Defendants;

    (b) Special and damages according to proof at trial;

    (c) Consequential damages according to proof at trial; and,

    (d) Attorney's fees and costs;

On the Second Cause of Action For:

    (a) Actual damages of approximately $2,700,000 plus pre- and post-judgment interest against all Defendants;

    (b) Special and damages according to proof at trial;

    (c) Consequential damages according to proof at trial; and,

    (d) Punitive damages;

On the Fourth Cause of Action For:

    (a) For restitution;

    (b) For disgorgement of ill-gotten gains as set forth herein;

On All Causes of Action:

    (a) For costs of this action; and

    (b) And other and further relief that the court considers proper.

---

ADVERSARY COMPLAINT OF PLAINTIFF MURRAY L. NEAL AND PINNACLE ARMOR, INC.

**Page 18 of 19**

Dated: February 24, 2011.

                                    LAW OFFICES OF SUSAN M. BROWN

               By:     /s/ Susan M. Brown
                          SUSAN M. BROWN Attorney for Plaintiffs MURRAY NEAL and PINNACLE ARMOR, INC.

ADVERSARY COMPLAINT OF PLAINTIFF MURRAY L. NEAL AND PINNACLE ARMOR, INC.